UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,

                    Plaintiff,

        - against -

JONATHAN WHITE,

                    Defendant.
---------------------------------------------------------x

**REMAND ORDER**
25-CV-1163 (PKC) (ST)

PAMELA K. CHEN, United States District Judge:

On February 25, 2025, *pro se* Defendant Jonathan White ("Defendant") filed this action seeking to remove a criminal case pending against him in the State of New York, Nassau County Court, under Indictment No. 70603-23, pursuant to 28 U.S.C. § 1443.[1]  (Notice of Removal, Dkt. 1.)  The Notice of Removal was not signed, and Defendant was directed to sign the Notice of Removal in order to proceed.  (Deficiency Notice, Dkt. 3.)  Defendant failed to respond within the time allowed and the Court granted Defendant an extension of time to file a signed Notice of Removal until April 14, 2025.  (4/1/2025 Dkt. Order.)  On May 5, 2025, the Court received a letter from Defendant stating that his address had changed and that he has since been remanded into custody, and requesting leave to file the enclosed signed Notice of Removal.  (Def.'s Ltr., Dkt. 6.)

The Court accepts Defendant's signed Notice of Removal, for good cause shown, as a timely response to the Court's April 1, 2025 Order, (*see* Signed Notice of Removal, Dkt. 6, at ECF[2] 6–11), and grants Defendant's application to proceed *in forma pauperis* ("IFP") pursuant to

---

[1] Though Defendant claims to be removing his criminal case from New York Supreme Court, Nassau County, this criminal matter is currently pending in Nassau County Court.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

28 U.S.C. § 1915(a), (IFP Mot., Dkt. 2).  However, for the reasons explained below, the Court *sua sponte* remands this matter to state court.

## BACKGROUND

On March 28, 2023, Defendant was indicted by a grand jury in Nassau County on several counts of "grand larceny and related offenses." (Signed Notice of Removal, Dkt. 6, at ECF 6; *see* Notice of Removal, Dkt. 1, at ECF 10.)  Defendant states the following:

> This removal is made on the grounds that the defendant has been deprived of his rights under the Sixth Amendment of the U.S. Constitution, and his right to due process and a fair trial has been violated due to improper venue, lack of jurisdiction, and the use of direct presentment in a manner that prevents him from challenging jurisdiction in a timely and effective manner.

(Signed Notice of Removal, Dkt. 6, at ECF 6.)  Defendant alleges that the case should have been filed in Kings County because "Nassau County does not have subject matter jurisdiction over the charges," and that he was deprived of his constitutional rights when he was not able to "challenge jurisdiction during preliminary hearings." (*Id.*)  Defendant claims that "[t]he District Attorney's Office has relied on bank records showing that the funds involved in the grand larceny were transferred through Nassau County," but that there is no "legitimate connection to Nassau County for purposes of criminal prosecution." (*Id.* at ECF 7.)  Defendant asserts that removal of this criminal matter to federal court is authorized under 28 U.S.C. § 1443 because of these alleged constitutional violations. (*Id.*)

## DISCUSSION

Under 28 U.S.C. § 1443 ("Section 1443"), a criminal prosecution may be removed from state court to federal court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1); *see also* 28 U.S.C. § 1455 (providing procedure for removal of criminal prosecutions).  A defendant seeking to remove a

2

state court criminal action to federal court has the burden to show "that a case is within the federal court's removal jurisdiction." *Delgado v. New York*, No. 24-CV-9071 (JGLC), 2025 WL 33433, at *1 (S.D.N.Y. Jan. 6, 2025). "If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal and may do so any time for a lack of subject matter jurisdiction." *Id.*; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A petition for removal under Section 1443(1) "must satisfy a two-pronged test." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, the right allegedly denied must "arise[] under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State,'" which typically requires showing "that the 'denial be manifest in a formal expression of state law.'" *Id.* (quoting *Rachel*, 384 U.S. at 803). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id.*

Here, Defendant does not assert that his claims are based on racial discrimination. *See Suffolk Cnty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020) (noting that "the Supreme Court has held that [Section 1443] applies only to removals based on claims of racial discrimination[.]") Nor does Defendant allege specific facts to suggest that he cannot enforce federal rights in his state court prosecution as required by Section 1443, instead relying predominantly on generalized allegations of Sixth and Fourteenth Amendment violations for improper venue and lack of jurisdiction. *See, e.g.*, *People v. Chambers*, No. 24-CV-00641 (NCM)

3

(JRC), 2024 WL 4252044 (E.D.N.Y. Sept. 20, 2024) (remanding criminal prosecution to state court for failure to allege facts showing Section 1443 removal was proper); *New York v. Rodriguez*, No. 25-CV-531 (NJC) (ARL), 2025 WL 847828 (E.D.N.Y. Feb. 23, 2025) (same).[3] Given the narrow circumstances under which Section 1443 removal is available, Defendant does not provide a proper basis for removal of his pending state criminal prosecution to this Court.

## CONCLUSION

For the reasons set forth above, Defendant's IFP motion is granted, and the Court *sua sponte* remands this action to the State of New York, Nassau County Court, under Indictment No. 70603-23. The Court respectfully directs the Clerk of Court to immediately mail a certified copy of this Order to the Clerk of the Nassau County Court and to send a copy to Defendant by regular first-class mail, note service on the docket, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 22, 2025
       Brooklyn, New York

---

[3] Additionally, Defendant cannot rely on the "presence of defenses or counterclaims based on federal law" as a basis for removal. *Rodriguez*, 2025 WL 847828, at *1 n.2. If Defendant "has a federal civil claim arising from his arrest and prosecution, he must file that claim as a civil action independent of the criminal prosecution." *Id.*